IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff

    v.

ANTONIO REYNOSO-PICHARDO,

    Defendant.

CRIMINAL NO. 12-696 (DRD)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

### I.    Procedural Background

On October 1, 2012, defendant Antonio Reynoso-Pichardo was charged in a one-count information. He agrees to plead guilty to that count.

Count One charges that on or about March 21, 2012, Mr. Reynoso did knowingly compel the disclosure of a social security card number, knowing that said requirement was not a permissible use of the social security card number, thus committing a violation of the laws of the United States, all in violation of Title 42, United States Code, Section 408(a)(8).

Defendant appeared before me assisted by the court interpreter on October 1, 2012 since the Rule 11 hearing was referred by the court . See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

### II.    Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He confirmed that his attorney translated and explained the form in the Spanish language before he

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

signed it.  He was advised of his right to hold all proceedings, including the change of plea hearing,

before a district court judge.  He received an explanation of the differences between the scope of

jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he

elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and

prepare a report and recommendation, subject to review and approval of the district judge.  The

defendant then voluntarily consented to proceed before a magistrate judge.

### III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas

to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid

waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States

v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant

who pleads guilty does so with an 'understanding of the nature of the charge and consequences of

his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United

States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence

of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty

plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

#### A.    Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history

of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his

understanding of the purpose of the hearing, all in order to ascertain his capacity  to understand,

answer and comprehend the change of plea colloquy. The court confirmed that the defendant

received the indictment and fully discussed the charges with his attorney, and was satisfied with the

advice and representation he received.   The court further inquired whether defendant's counsel or

counsel for the government had any doubt as to his capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

observing his demeanor, a finding was made that Mr. Reynoso was competent to plead and fully

aware of the purpose of the hearing.

USA v. Antonio Reynoso-Pichardo                                                    Page 3
Cr. 12-696 (DRD)
**Report and Recommendation Guilty Plea**

### B.      Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely:  a term of imprisonment of not more than five years, a fine of not more than $250,000, or both.  The defendant also understood he could be sentenced to a term of supervised release of not more than three years and that a Special Monetary Assessment of $100.00 would be imposed to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).  The court explained the nature of supervised release and the consequences of revocation.  The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

### C.      Plea Agreement

Mr. Reynoso and the government have entered into a written plea agreement, the terms of which were described in open court.  The defendant confirmed that this was his understanding with the government, that his attorney translated the plea agreement into Spanish before he signed it, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.  The defendant was specifically informed that  the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines.  The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

USA v. Antonio Reynoso-Pichardo                                                    Page 4
Cr. 12-696 (DRD)
**Report and Recommendation Guilty Plea**

     The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes, but that pursuant to his plea agreement he has waived his right to appeal his conviction and sentence if the court adopts the plea agreement and sentences him according to its terms and recommendation.

     **D.**    **Waiver of Constitutional Rights**

     The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

     The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained. The defendant's attorney attested that he explained these rights to his client and believed that the defendant understood the explanations. The defendant further acknowledged that he waived his right to be prosecuted by means of an indictment and agreed to be prosecuted by means of an information.

     The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.  Defendant was additionally informed that a pre-sentence  report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to  correct or object to any information contained in the report which

was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm, and that his guilty plea may result in negative immigration consequences.  The defendant confirmed that he understood these consequences of his guilty plea.

**E.      Factual Basis for the Guilty Plea**

The court explained Count One of the information in open court and explained the elements of the offense and the meaning of terms used in the information.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial.

**F.      Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea.  He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing defendant was able to consult with his attorney.

**IV.    Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the information.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Antonio Reynoso-Pichardo, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary

manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the information.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing has been set for February 1, 2013 at 9:30 a.m. before United States District Judge Daniel Dominguez.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 1st day of October, 2012.


**s/Bruce J. McGiverin**
BRUCE J. McGIVERIN
United States Magistrate Judge